IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:
DIVISON:

**JENNIFER KUHN,**
**An individual,**

     **Plaintiff,**

**V.**

**JOHN DOE I,**
**An individual,**
**JOHN DOE II,**
**An individual, and**
**305 EVENT PRODUCTION, LLC, d/b/a**
**305 YACHTING, INC.,**
**A Florida limited liability company,**

     **Defendants.**
_____/

## COMPLAINT

Plaintiff, JENNIFER KUHN ("Plaintiff"), sues the Defendants JOHN DOE I, JOHN DOE II and 305 EVENT PRODUCTION, LLC, d/b/a 305 YACHTING, INC., a Florida limited liability company and allege the following:

### GENERAL ALLEGATIONS, PARTIES, VENUE ANDN JURISDICTION

1. This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00), exclusive of costs.[1]

2. At all times relevant hereto, Plaintiff was a resident of Hillsborough County, Florida.

---

[1] To file this Complaint, the undersigned counsels were required by Order of the Supreme Court of Florida to contemporaneously complete a Civil Cover Sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only. The full monetary value of the damages suffered by Plaintiff is yet to be determined, and will be decided pursuant to a verdict by the trier of fact in this action, in compliance with Article I, Section 22, Florida Constitution.

3. At all times relevant hereto, Defendant 305 EVENT PRODUCTION, LLC, ("305 EVENT PRODUCTION"), a Florida limited liability company was, and currently is, a Florida company and resident, organized and existing under the laws of Florida, registered to do business and conducting business in the State of Florida, with a principal place of business in Florida.

4. At all times relevant hereto, Defendant 305 EVENT PRODUCTION was the owner of and doing business under the "fictitious name" of 305 YACHTING, INC. ("305 YACHTING").

5. At all times relevant hereto, 305 EVENT PRODUCTION, under the fictitious name, 305 YACHTING, chartered boats for cruises to various locations in and around Miami-Dade County, Florida.

6. At all times relevant hereto, JOHN DOE I was an employee of 305 EVENT PRODUCTION and/or 305 YACHTING[2] and was acting in the course and scope of his employment with 305 EVENT PRODUCTION.

7. At all times relevant hereto, JOHN DOE I was an actual or apparent agent of 305 EVENT PRODUCTION, and was in the course and scope of his agency.

8. At all times relevant hereto, JOHN DOE I was a resident of the state of Florida.

9. At all times relevant hereto, JOHN DOE II was an employee of 305 EVENT PRODUCTION and was acting in the course and scope of his employment with 305 EVENT PRODUCTION.

10. At all times relevant hereto, JOHN DOE II was an actual or apparent agent of 305 EVENT PRODUCTION, and was in the course and scope of his agency.

---

[2] To avoid unnecessary repetition and duplication throughout the remainder of this Complaint, all references to 305 EVENT PRODUCTION hereinafter are also meant to include the phrase "and/or 305 YACHTING".

11. At all times relevant hereto, JOHN DOE II was a resident of the state of Florida.

12. On or about September 23, 2019, Plaintiff was a business invitee and was otherwise lawfully aboard 305 EVENT PRODUCTION's vessel for charter, "Sapphire", a forty-five foot Sea Ray Sundancer.

13. At all times material hereto, a foreign substance on the floor of Sapphire caused Plaintiff to slip and fall.

14. At said time and place, the vessel was located on navigable waters in the county of Miami-Dade, Florida.

15. As such, the Circuit Court of Miami-Dade County by and through the Saving to Suitors Clause 28 U.S.C. [section] 1331(1) has jurisdiction over this matter.

16. At all times relevant hereto, JOHN DOE I was the Master/Captain of the vessel Sapphire and had privity and knowledge as to the foreign substance and the injury to Plaintiff.

17. At all times relevant hereto, JOHN DOE II was a seaman onboard the vessel Sapphire and had privity and knowledge as to the foreign substance and the injury to Plaintiff.

## **COUNT I – NEGLIGENCE AS TO DEFENDANT JOHN DOE I**

18. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 17.

19. At said time and place, JOHN DOE I owed a duty to the Plaintiff, and all others similarly situated, to exercise reasonable care for the safety of those lawfully onboard the vessel, Sapphire.

20. At said time and place, JOHN DOE I breached his duty of care owed to the Plaintiff by allowing a foreign substance to remain on the floor of Sapphire, when said condition was either caused by JOHN DOE I, known to JOHN DOE I or had existed for a sufficient length

of time, such that JOHN DOE I should have known of same had JOHN DOE I exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating a slipping hazard to lawful patrons on Sapphire, including the Plaintiff herein.

21. At said time and place, the foreign substance constituted an unreasonably dangerous condition for Plaintiff.

22. As a direct, proximate and foreseeable result of the negligence of JOHN DOE I, the dangerous condition mentioned above caused Plaintiff to slip and fall onboard Sapphire, sustaining injuries as described in the below paragraph.

23. As a direct, proximate and foreseeable result of the negligence of JOHN DOE I, Plaintiff suffered permanent bodily injury within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, loss of earnings and loss of the ability to earn money in the future. The losses are either permanent or continuing, and Plaintiff will suffer loses in the future.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant JOHN DOE I for compensatory damages, plus costs and a trial by jury.

## COUNT II – NEGLIGENCE AS TO DEFENDANT JOHN DOE II

24. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 23.

25. At said time and place, JOHN DOE II owed a duty to the Plaintiff, and all others similarly situated, to exercise reasonable care for the safety of those lawfully on the vessel, Sapphire.

26. At said time and place, JOHN DOE II breached his duty of care owed to the Plaintiff by allowing a foreign substance to remain on the floor of Sapphire, when said condition was either caused by JOHN DOE II, known to JOHN DOE II or had existed for a sufficient length of time, such that JOHN DOE II should have known of same had JOHN DOE II exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating a slipping hazard to lawful patrons on Sapphire, including the Plaintiff herein.

27. At said time and place, the foreign substance constituted an unreasonably dangerous condition for Plaintiff.

28. As a direct, proximate and foreseeable result of the negligence of JOHN DOE II, the dangerous condition mentioned above caused Plaintiff to slip and fall onboard Sapphire, sustaining injuries as described in the below paragraph.

29. As a direct, proximate and foreseeable result of the negligence of JOHN DOE II, Plaintiff suffered permanent bodily injury within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, loss of earnings and loss of the ability to earn money in the future. The losses are either permanent or continuing, and Plaintiff will suffer loses in the future.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant JOHN DOE II for compensatory damages, plus costs and a trial by jury.

## COUNT III – NEGLIGENCE AS TO DEFENDANT 305 EVENT PRODUCTION, LLC

30. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 29.

31. At said time and place, 305 EVENT PRODUCTION owed a duty to the Plaintiff, and all others similarly situated, to exercise reasonable care for the safety of those lawfully on the vessel, Sapphire.

32. At said time and place, 305 EVENT PRODUCTION breached its duty of care owed to the Plaintiff by allowing a foreign substance to remain on the floor of Sapphire, when said condition was either caused by 305 EVENT PRODUCTION, known to 305 EVENT PRODUCTION or had existed for a sufficient length of time, such that 305 EVENT PRODUCTION should have known of same had 305 EVENT PRODUCTION exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating a slipping hazard to lawful patrons on Sapphire, including the Plaintiff herein.

33. At said time and place, the foreign substance constituted an unreasonably dangerous condition for Plaintiff.

34. As a direct, proximate and foreseeable result of the negligence of 305 EVENT PRODUCTION, the dangerous condition mentioned above caused Plaintiff to slip and fall onboard Sapphire, sustaining injuries as described in the below paragraph.

35. As a direct, proximate and foreseeable result of the negligence of 305 EVENT PRODUCTION, Plaintiff suffered permanent bodily injury within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, aggravation of a previously existing condition, loss of earnings and loss of the ability to earn money in the future. The losses are either permanent or continuing, and Plaintiff will suffer loses in the future.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant 305 EVENT PRODUCTION, LLC for compensatory damages, plus costs and a trial by jury.

### COUNT IV – PLAINTIFF JENNIFER KUHN'S VICARIOUS LIABILITY CLAIM (RESPONDEAT SUPERIOR)

36. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 35.

37. Pursuant to Florida's doctrine of *respondeat superior*, 305 EVENT PRODUCTION is vicariously liable for the negligence of JOHN DOE I and JOHN DOE II, who were employees/agents of 305 EVENT PRODUCTION and the respective Master/seaman onboard Sapphire at all times relevant hereto.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant 305 EVENT PRODUCTION, LLC for compensatory damages, plus costs and a trial by jury.

**Dated** this 14th day of September 2020.

Respectfully Submitted,

**AMETHYST LAW GROUP**

*/s/ Amir Ghaeenzadeh*
AMIR GHAEENZADEH, ESQUIRE
Florida Bar No.: 104745
100 S Ashley Drive, Suite 600
Tampa, Florida 33602
Tel: (844) 482 - 1239

-and-

**LAW OFFICE OF HARRISON M. FISCHER, PLLC**

/s/ Harrison M. Fischer
HARRISON M. FISCHER, ESQUIRE
Florida Bar No.: 0124993
1015 Atlantic Blvd., Suite 265
Atlantic Beach, FL 32233
Tel: (904) 300 – 2429
Fax: (904) 352 – 1686
Attorneys for Plaintiff

DESIGNATION OF EMAIL ADDRESSES PURSUANT TO RULE 2.516

Pursuant to Fla.R.Civ.P.2.516 (effective September 1, 2012), Amir Ghaeenzadeh and Harrison M. Fischer, attorneys for Plaintiff, designate the following email addresses for service of all documents in the proceeding required by the Rule.

Primary email addresses:   amir@amethystlawgroup.com

hfischer@hfischerlaw.com

Secondary email address:   melinda@amethystlawgroup.com

Respectfully Submitted,

**AMETHYST LAW GROUP**

/s/ Amir Ghaeenzadeh
AMIR GHAEENZADEH, ESQUIRE
Florida Bar No.: 104745
100 S Ashley Drive, Suite 600
Tampa, Florida 33602
Tel: (844) 482 - 1239

-and-

**LAW OFFICE OF HARRISON M. FISCHER, PLLC**

/s/ Harrison M. Fischer
HARRISON M. FISCHER, ESQUIRE
Florida Bar No.: 0124993
1015 Atlantic Blvd., Suite 265
Atlantic Beach, FL 32233
Tel: (904) 300 – 2429
Fax: (904) 352 – 1686
Attorneys for Plaintiff