UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
In Admiralty

Case No.:  21-20251-CIV-COOKE

GREAT LAKES INSURANCE SE,

Plaintiff,

v.

305 EVENT PRODUCTION LLC,
HAYDEN MUELER, individually, and
CHRISTOPHER MILLER, individually,

Defendants.
_____/

**GREAT LAKES' STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**305 Event Production LLC Applies for Insurance Coverage for the Vessel**

1. On April 9, 2019, 305 Event Production LLC's ("305 Event") agent, with Casey Insurance Group, first contacted Concept Special Risks ("Concept") to obtain a quote for hull insurance policy for the vessels, Sky and Sapphire. *See* email correspondence, marked as **Exhibit "A."**

2. In connection with the request for coverage, 305 Event provided an application, the April 19, 2019 Cabrera Survey and other related documents. 305 Event's application for insurance coverage (hereinafter "Application") provides information about the use of the 2003 45' Sea Ray, M/Y "SAPPHIRE," hull identification no. SERP9445K203 (the "Vessel"). *See* Application, marked as **Composite Exhibit "B."**

3. The Application indicated that 305 Event would use the Vessel for fare paying passengers, charter the Vessel to others with a captain but was specifically not chartering the Vessel to others without a captain (not bareboat chartering), and that the Vessel was not being used for any other commercial or business purposes. *See* Exhibit B, Application, p. 2.

4. The Application also indicted that the insured and the named operators had not been convicted of a criminal offense or pleaded no contest to a criminal action. *See* Exhibit B, Application, p. 3.

5. Moreover, the Application also requested information regarding any violations / suspensions in the last 5 years for each named operator of the Vessel. *See* Exhibit B, Application, p. 3 and 4.

6. In each instance for each of the 3 named operators, the Application had been filled out to indicate that none of the named operators have prior convictions of pleas of no contest and no violations or suspensions in the last 5 years. *See* Exhibit B, Application, p. 3 and 4.

7. Concept relied upon 305 Event's representations in the Application in issuing the insurance policy for the Vessel. *See* Usher Aff., ¶¶ 6, 10, 23 and 24, attached hereto and marked as **Exhibit "C."**

**The Policy**

8. Great Lakes Insurance SE ("Great Lakes") issued a Commercial Yacht insurance policy to 305 Event, policy number CSRYP/175296, with effective dates of April 30, 2019 to April 30, 2020. The Commercial Yacht insurance policy provides third-party liability coverage to the Vessel in an amount of $300,000, subject to a $2,500 deductible. *See* Commercial Yacht insurance policy, marked as **Exhibit "D."** The Commercial Yacht insurance policy will be referred to herein as the "Policy."

9. The Policy is also subject to a "Non-Disclosure or Misrepresentation" provision, which states: "This contract is rendered null and void from its inception in the event of non-disclosure or misrepresentation of facts or circumstances material to our acceptance of this insurance. No action or inaction by us shall be deemed a waiver of this provision." *See* Exhibit D, Policy, p. 13; ¶ 9. l.

10. The Policy also includes a compliance warranty that states:

> It is warranted that covered persons must at all times comply with all laws and regulations, governing the use and or operation of the Scheduled Vessel. We shall not be deemed to provide cover or shall we be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose us to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions, laws or regulations of the European Union, United Kingdom or United States of America.

*See* Exhibit D, Policy, p. 13, ¶ 9. i.

2

11. The Policy also includes certain duties for the insured in the event of a loss, including that "Within 30 days of a loss giving rise to any claim hereunder give us written notification of the loss and its circumstances, this term is a condition precedent to our liability hereunder." *See* Exhibit D, Policy, p. 16; ¶ 10. 2.

12. And further, "Immediately forward to us any legal papers or notices received in connection with the loss." *See* Exhibit D, Policy, p. 16; ¶ 10. 8.

### 305 Event Fails to Disclose Named Operators' Convictions and Violations

13. During its investigation of the claim, Concept learned that the representations regarding the named operators in the Application for the Policy was not accurate. *See* Exhibit C, Usher Aff., ¶ 16.

14. One of the named operators, Mr. Christopher Miller, had a criminal conviction. Christopher Miller information, marked as **Exhibit "E."**

15. Gerhard De Jager, another named operator, also failed to disclose a prior criminal conviction. Gerhard DeJager information, marked as **Exhibit "F."**

16. Furthermore, Mr. De Jager also had a violation for careless driving and suspension of his license within the past five years at the time the Application was submitted. *See* Exhibit F, Gerhard DeJager information.

17. Instead, the Application indicated that there were no named operators with criminal convictions, no contest pleas, and no named operators had received violations or suspensions in the last 5 years. *See* Exhibit B, Application generally.

### The Vessel's Use in Chartering

18. On or about September 23, 2019 an incident occurred involving personal injuries sustained by Jennifer Kuhn aboard 305 Event's insured vessel, a 2003 45' Sea Ray, M/Y

"SAPPHIRE," hull identification no. SERP9445K203 (the "Vessel"). *See* Kuhn Motion, Order and Amended Complaint, marked as **Exhibit "G."**

19. During Concept's investigation of Kuhn's claim, it learned that the Vessel was apparently being used as a bareboat charter, despite the representation otherwise in the Application. *See* Application, Exhibit B and Bareboat Charter Agreement, marked as **Exhibit "H."**

20. If not a bareboat charter (as indicated by the agreement) then at the time of the loss, the Vessel was operating as an illegal charter insofar as it was less than 100 gross tons, was chartered with a captain, had more than 6 fare-paying passengers aboard, and did not possess a certificate of inspection by the United States Coast Guard. 46 U.S.C. § 3301(8); 46 C.F.R. § 176.100(a) and USCG online Vessel information, marked as **Exhibit "I."**

21. The Vessel was required to maintain a Coast Guard certificate of inspection pursuant to 46 U.S.C. § 3301(8); 46 C.F.R. § 176.100(a), as it was less than 100 gross tons, was chartered with a crew, and carried more than 6 passengers for hire.

22. Moreover, 305 Event provided a list of captains to choose from for the Bareboat Charter Agreement; but 5 of the offered captains were never disclosed to Great Lakes. See Exhibit "H", Bareboat Charter Agreement, p. 3.

23. Great Lakes would not have offered coverage to 305 Event if it knew that five undisclosed captains could be operating Vessels during captain charters. Exhibit C, Usher Aff., ¶ 15.

**305 Event's Failure to Provide Timely Notice**

24. This incident occurred on September 23, 2019. *See* Exhibit G, Kuhn Amended Complaint.

25. 305 Event first attempted to provide notice of the loss was on October 15, 2019 but the notice was sent via email to the wrong email address. The insured later contacted Concept on January 9, 2020 at the correct email address. *See* email communication chain, marked as **Exhibit "J."**

26. However, the insured was later sued and then served on November 2, 2020. See Proof of Service and Kuhn Complaint, marked as **Exhibit "K."**

27. Yet, Concept was not provided notice of the lawsuit until December 29, 2020, after Plaintiff had already moved for default. *See* email communication chain, marked as **Exhibit "L."**

### Concept's Consideration of Various Factors When Issuing a Policy

28. Had 305 Event disclosed use of the Vessel with bareboat chartering, it would have resulted in an increased premium. *See* Exhibit C, Usher Aff., ¶ 11.

29. Had Concept been provided information from 305 Event in the Application regarding the criminal convictions of named operator Christopher Miller, they would have sought additional and either applied a larger premium or rejected Christopher Miller as a named operator on the Policy. *See* Exhibit C, Usher Aff., ¶¶ 20-22.

30. Had Concept been provided information from 305 Event in the Application regarding the criminal conviction and violation and suspension of named operator Gerhard De Jager, they would have sought additional and either applied a larger premium or rejected Gerhard De Jager as a named operator on the Policy. *See* Exhibit C, Usher Aff., ¶¶ 20-22.

31. Moreover, Concept could have also declined to provide coverage for the Vessel at all, were it provided accurate information on the Application. *See* Exhibit C, Usher Aff., ¶ 22.

Dated: December 23, 2022.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Great Lakes*
12 Southeast Seventh Street, Suite 601
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By: */s/ Charles S. Davant*
Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Stephen R. Gross
Florida Bar No. 27849
srg@davantlaw.com

6