IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-CA-019670-01

JENNIFER KUHN,
An individual,

        Plaintiff,

V.

JOHN DOE I,
An individual,
JOHN DOE II,
An individual, and
305 EVENT PRODUCTION, LLC, d/b/a
305 YACHTING, INC.,
A Florida limited liability company,

        Defendants.
_____/

## PLAINTIFF JENNIFER KUHN'S AMENDED MOTION FOR LEAVE TO FILE HER FIRST AMENDED COMPLAINT

Plaintiff, JENNIFER KUHN, by and through the undersigned counsels, hereby seeks leave pursuant to Rule 1.190, Florida Rules of Civil Procedure, to file an Amended Complaint ("Amended Complaint") and, in support thereof, states as follows:

1.    Plaintiff JENNIFER KUHN hereby seeks leave to file and serve the Amended Complaint attached hereto as Exhibit "A".

2.    Florida Rule of Civil Procedure 1.190(a) in pertinent part provides that when "a party files a motion to amend a pleading…[l]eave of court shall be given freely when justice so requires." Rule 1.190 is consistently interpreted to "allow free and liberal amendments to pleadings unless it appears that the privilege to amend will be abused." Gerber Trade Finance, Inc. v. Bayou

Dock Seafood Co., Inc., 917 So. 2d 964, 968 (Fla. 3d DCA 2005). Thus, leave to amend should be granted unless "the privilege is abused, the opposing party will be prejudiced, or amendment would be futile." Id. Moreover, where there is doubt, "the court should resolve any doubts in favor of amendment." El Toro Exterminator of Fla., Inc. v. Cernada, 953 So. 2d 616, 618 (Fla. 3d DCA 2007).

3.     Here, allowing the Plaintiff to file the Amended Complaint would not prejudice Defendant, 305 EVENT PRODUCTION, LLC d/b/a 305 YACHTING, INC., in this action and good cause exists to grant Plaintiff leave to file her Amended Complaint.

WHEREFORE, Plaintiff JENNIFER KUHN respectfully requests that this Honorable Court grant Plaintiff JENNIFER KUHN leave to file the attached proposed Amended Complaint, and for such other relief as this Court deems proper.

**Dated** this 9th day of November, 2021.

Respectfully Submitted,

**AMETHYST LAW GROUP**

AMIR GHAEENZADEH, ESQUIRE
Florida Bar No.: 104745
100 S Ashley Drive, Suite 600
Tampa, Florida 33602
Tel: (844) 482 - 1239

**LAW OFFICE OF HARRISON M. FISCHER, PLLC**

*/s/ Harrison M. Fischer*
HARRISON M. FISCHER, ESQUIRE
Florida Bar No.: 0124993
1015 Atlantic Blvd., Suite 265
Atlantic Beach, FL 32233
Tel: (904) 300 – 2429
Fax: (904) 352 – 1686

-and-

**NOTARI LAW, P.A.**
ADRIA G. NOTARI, ESQUIRE
Florida Bar No.: 87272
1820 SW 14th Court
Fort Lauderdale, Florida 33312
Tel: (954) 257 – 9028
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

We certify that a copy of this document was furnished via email to: Jonathan W. Skipp,

Esq. at service@admiral-law.com and jskipp@admiral-law.com on this 9th day of November,

2021.

/s/ Harrison M. Fischer, Esq.
ATTORNEY

# Exhibit "A"

**IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

**CASE NO.: 2020-CA-019670-01**

JENNIFER KUHN,
An individual,

        **Plaintiff,**

V.

**CHRISTOPHER MILLER,**
An individual,
**HAYDEN MUELER**
An individual, and
**305 EVENT PRODUCTION, LLC, d/b/a
305 YACHTING, INC.,**
A Florida limited liability company,

        **Defendants.**
_____/

## AMENDED COMPLAINT

Plaintiff, JENNIFER KUHN ("Plaintiff"), sues the Defendants CHRISTOPHER MILLER,

HAYDEN MUELER, and 305 EVENT PRODUCTION, LLC, d/b/a 305 YACHTING, INC., a

Florida limited liability company, and alleges the following:

### GENERAL ALLEGATIONS, PARTIES, VENUE ANDN JURISDICTION

1.      This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00),

exclusive of costs.[1]

---

[1] To file this Complaint, the undersigned counsels were required by Order of the Supreme Court of Florida
to contemporaneously complete a Civil Cover Sheet with a dollar figure as an estimated amount of claim
for data collection and clerical processing purposes only. The full monetary value of the damages suffered
by Plaintiff is yet to be determined, and will be decided pursuant to a verdict by the trier of fact in this
action, in compliance with Article I, Section 22, Florida Constitution.

2.      At all times relevant hereto, Plaintiff was a resident of Hillsborough County, Florida.

3.      At all times relevant hereto, Defendant 305 EVENT PRODUCTION, LLC, ("305 EVENT PRODUCTION"), a Florida limited liability company was, and currently is, a Florida company and resident, organized and existing under the laws of Florida, registered to do business and conducting business in the State of Florida, with a principal place of business in Florida.

4.      At all times relevant hereto, Defendant 305 EVENT PRODUCTION was the owner of and doing business under the "fictitious name" of 305 YACHTING, INC. ("305 YACHTING").

5.      At all times relevant hereto, 305 EVENT PRODUCTION, under the fictitious name, 305 YACHTING, chartered boats for cruises to various locations in and around Miami-Dade County, Florida.

6.      At all times relevant hereto, CHRISTOPHER MILLER was an employee of 305 EVENT PRODUCTION and/or 305 YACHTING[2] and was acting in the course and scope of his employment with 305 EVENT PRODUCTION.

7.      At all times relevant hereto, CHRISTOPHER MILLER was an actual or apparent agent of 305 EVENT PRODUCTION and was in the course and scope of his agency.

8.      At all times relevant hereto, CHRISTOPHER MILLER was a resident of Miami-Dade County, Florida.

9.      At all times relevant hereto, HAYDEN MUELER was an employee of 305 EVENT PRODUCTION and was acting in the course and scope of his employment with 305 EVENT PRODUCTION.

---

[2] To avoid unnecessary repetition and duplication throughout the remainder of this Complaint, all references to 305 EVENT PRODUCTION hereinafter are also meant to include the phrase "and/or 305 YACHTING."

10.     At all times relevant hereto, HAYDEN MUELER was an actual or apparent agent of 305 EVENT PRODUCTION and was in the course and scope of his agency.

11.     At all times relevant hereto, HAYDEN MUELER was a resident of Miami-Dade County, Florida.

12.     On or about September 28, 2019, Plaintiff was a business invitee and was otherwise lawfully aboard 305 EVENT PRODUCTION's vessel for charter, "Sapphire", a forty-five foot Sea Ray Sundancer.

13.     At all times material hereto, a foreign substance on the floor of Sapphire caused Plaintiff to slip and fall.

14.     At said time and place, the vessel was located on navigable waters in the county of Miami-Dade, Florida.

15.     As such, the Circuit Court of Miami-Dade County by and through the Saving to Suitors Clause 28 U.S.C. [section] 1331(1) has jurisdiction over this matter.

16.     At all times relevant hereto, CHRISTOPHER MILLER was the Master/Captain of the vessel Sapphire and had privity and knowledge as to the foreign substance and the injury to Plaintiff.

17.     At all times relevant hereto, HAYDEN MUELER was a seaman onboard the vessel Sapphire and had privity and knowledge as to the foreign substance and the injury to Plaintiff.

## COUNT I – NEGLIGENCE AS TO DEFENDANT CHRISTOPHER MILLER

18.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 17.

19.     At said time and place, CHRISTOPHER MILLER owed a duty to the Plaintiff, and all others similarly situated, to exercise reasonable care for the safety of those lawfully onboard the vessel, Sapphire.

20.     At said time and place, CHRISTOPHER MILLER breached his duty of care owed to the Plaintiff by:

   a.   allowing a foreign substance to remain on the floor of Sapphire, when said condition was either caused by CHRISTOPHER MILLER, known to CHRISTOPHER MILLER or had existed for a sufficient length of time, such that CHRISTOPHER MILLER should have known of same had CHRISTOPHER MILLER exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating a slipping hazard to lawful patrons on Sapphire, including the Plaintiff herein; and/or

   b.   Failing to warn Plaintiff of concealed dangers which were, or should have been, known to CHRISTOPHER MILLER, and could not have been discovered through the exercise of due care; and/or

   c.   Failing to prevent and/or remedy any unreasonably dangerous condition existing on its premises.

21.     At said time and place, the foreign substance constituted an unreasonably dangerous condition for Plaintiff.

22.     As a direct, proximate and foreseeable result of the negligence of CHRISTOPHER MILLER, the dangerous condition mentioned above caused Plaintiff to slip and fall onboard Sapphire, sustaining injuries as described in the below paragraph.

23.     As a direct, proximate and foreseeable result of the negligence of CHRISTOPHER MILLER, Plaintiff suffered permanent bodily injury within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, loss of earnings and loss of the ability to earn money in the future. The losses are either permanent or continuing, and Plaintiff will suffer loses in the future.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant CHRISTOPHER MILLER for compensatory damages, plus costs and a trial by jury.

## COUNT II – NEGLIGENCE AS TO DEFENDANT HAYDEN MUELER

24.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 - 17.

25.     At said time and place, HAYDEN MUELER owed a duty to the Plaintiff, and all others similarly situated, to exercise reasonable care for the safety of those lawfully on the vessel, Sapphire.

26.     At said time and place, HAYDEN MUELER breached his duty of care owed to the Plaintiff by:

    a.   allowing a foreign substance to remain on the floor of Sapphire, when said condition was either caused by HAYDEN MUELER, known to HAYDEN MUELER or had existed for a sufficient length of time, such that HAYDEN MUELER should have known of same had HAYDEN MUELER exercised reasonable care, and/or said condition occurred with regularity and was therefore

foreseeable, thus creating a slipping hazard to lawful patrons on Sapphire, including

the Plaintiff herein; and/or

b.  Failing to warn Plaintiff of concealed dangers which were, or should have been,

known to HAYDEN MUELER, and could not have been discovered through the

exercise of due care; and/or

c.  Failing to prevent and/or remedy any unreasonably dangerous condition existing

on its premises.

27.     At said time and place, the foreign substance constituted an unreasonably

dangerous condition for Plaintiff.

28.     As a direct, proximate and foreseeable result of the negligence of HAYDEN

MUELER, the dangerous condition mentioned above caused Plaintiff to slip and fall onboard

Sapphire, sustaining injuries as described in the below paragraph.

29.     As a direct, proximate and foreseeable result of the negligence of HAYDEN

MUELER, Plaintiff suffered permanent bodily injury within a reasonable degree of medical

probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, aggravation of a previously existing condition, loss of earnings and loss of the ability to

earn money in the future. The losses are either permanent or continuing, and Plaintiff will suffer

loses in the future.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant

HAYDEN MUELER for compensatory damages, plus costs and a trial by jury.

**COUNT III – NEGLIGENT FAILURE TO MAINTAIN AS TO DEFENDANT 305
EVENT PRODUCTION, LLC**

30.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 – 17.

31.     At said time and place, 305 EVENT PRODUCTION owed a duty to the Plaintiff, and all others similarly situated, to exercise reasonable care for the safety of those lawfully onboard the vessel, Sapphire.

32.     At said time and place, 305 EVENT PRODUCTION and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a.   Failure to maintain the subject area in a clean and reasonably safe condition;

   b.   Failure to adequately and regularly inspect and monitor the subject area to maintain it free of unreasonably hazardous and slippery conditions;

   c.   Failure to regularly and adequately clean the subject area;

   d.   Failure to prevent foreign substances from entering the area used as a means of entering and exiting the downstairs cabin onboard the vessel Sapphire;

   e.   Failure to analyze prior slip-and-fall accidents on Sapphire occurring in the same area and/or surfaces so as to remedy such hazardous conditions;

33.     The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for 305 EVENT PRODUCTION's failure to adequately inspect and maintain the stairway into the cabin and below deck of Sapphire.

34.     At said time and place, the foreign substance constituted an unreasonably dangerous condition for Plaintiff.

35.     At all material times, 305 EVENT PRODUCTION knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions

existed for a sufficient length of time so that 305 EVENT PRODUCTION, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through 305 EVENT PRODUCTION's maintenance and/or inspections of the stairway into the cabin and flooring below deck and/or through prior incidents involving passengers injured due to slip and falls on the unreasonably slippery surface.

36.     As a direct, proximate and foreseeable result of the negligence of 305 EVENT PRODUCTION, the dangerous condition mentioned above caused Plaintiff to slip and fall onboard Sapphire, sustaining injuries as described in the below paragraph.

37.     As a direct, proximate and foreseeable result of the negligence of 305 EVENT PRODUCTION, Plaintiff suffered permanent bodily injury within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, loss of earnings and loss of the ability to earn money in the future. The losses are either permanent or continuing, and Plaintiff will suffer loses in the future.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant 305 EVENT PRODUCTION, LLC for compensatory damages, plus costs and a trial by jury.

## COUNT IV – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT 305 EVENT PRODUCTION, LLC

38.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 – 17.

39.     At said time and place, 305 EVENT PRODUCTION owed a duty to the Plaintiff, and all others similarly situated, to exercise reasonable care for the safety of those lawfully onboard the vessel, Sapphire.

40.     At all times material hereto, it was the duty of 305 EVENT PRODUCTION to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to 305 EVENT PRODUCTION in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

41.     At all times material, the Plaintiff was descending the stairs into the lower cabin on 305 EVENT PRODUCTION's vessel, Sapphire, which is a place that Plaintiff was invited to by 305 EVENT PRODUCTION and a place 305 EVENT PRODUCTION reasonably expected Plaintiff to be during the charter.

42.     At all times material, 305 EVENT PRODUCTION and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a.   Failure to warn that the stairs down into the cabin and the lower deck in front of the stairs becomes unreasonably hazardous and slippery; and/or

    b.   Failure to cordon off and/or place warning signs on or around the unreasonably hazardous and slippery subject area.

43.     The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for 305 EVENT PRODUCTION and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

44.     At said time and place, the foreign substance constituted an unreasonably dangerous condition for Plaintiff.

45.     At all material times, 305 EVENT PRODUCTION knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions

existed for a sufficient length of time so that 305 EVENT PRODUCTION, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through 305 EVENT PRODUCTION's maintenance and/or inspections of the stairway into the cabin and below deck flooring and/or through prior incidents involving passengers injured due to slip and falls on the unreasonably slippery surface.

46.     As a direct, proximate and foreseeable result of the negligence of 305 EVENT PRODUCTION, the dangerous condition mentioned above caused Plaintiff to slip and fall onboard Sapphire, sustaining injuries as described in the below paragraph.

47.     As a direct, proximate and foreseeable result of the negligence of 305 EVENT PRODUCTION, Plaintiff suffered permanent bodily injury within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, loss of earnings and loss of the ability to earn money in the future. The losses are either permanent or continuing, and Plaintiff will suffer loses in the future.

WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant 305 EVENT PRODUCTION, LLC for compensatory damages, plus costs and a trial by jury.

## COUNT V –VICARIOUS LIABILITY
## (RESPONDEAT SUPERIOR)

48.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 – 17.

49.     Pursuant to Florida's doctrine of *respondeat superior*, 305 EVENT PRODUCTION is vicariously liable for the negligence of CHRISTOPHER MILLER and HAYDEN MUELER

who were employees/agents of 305 EVENT PRODUCTION and the respective Master/seaman

onboard Sapphire at all times relevant hereto.

      WHEREFORE, Plaintiff JENNIFER KUHN demands judgment of and from Defendant

305 EVENT PRODUCTION, LLC for compensatory damages, plus costs and a trial by jury.

**Dated** this 9th day of November, 2021.

                Respectfully Submitted,

                    **AMETHYST LAW GROUP**

                    AMIR GHAEENZADEH, ESQUIRE
                    Florida Bar No.: 104745
                    100 S Ashley Drive, Suite 600
                    Tampa, Florida 33602
                    Tel: (844) 482 - 1239

                    **LAW OFFICE OF HARRISON M. FISCHER, PLLC**

                    */s/ Harrison M. Fischer*
                    HARRISON M. FISCHER, ESQUIRE
                    Florida Bar No.: 0124993
                    1015 Atlantic Blvd., Suite 265
                    Atlantic Beach, FL 32233
                    Tel: (904) 300 – 2429
                    Fax: (904) 352 – 1686

                    -and-

                    **NOTARI LAW, P.A.**
                    ADRIA G. NOTARI, ESQUIRE
                    Florida Bar No.: 87272
                    1820 SW 14th Court
                    Fort Lauderdale, Florida 33312
                    Tel: (954) 257 – 9028
                    Attorneys for Plaintiff

<u>DESIGNATION OF EMAIL ADDRESSES PURSUANT TO RULE 2.516</u>

      Pursuant to Fla.R.Civ.P.2.516 (effective September 1, 2012), Amir Ghaeenzadeh and Harrison M. Fischer, attorneys for Plaintiff, designate the following email addresses for service of all documents in the proceeding required by the Rule.

Primary email addresses:          amir@amethystlawgroup.com

                                   hfischer@hfischerlaw.com

                                   Anotari@notarilaw.com

Secondary email address:          melinda@amethystlawgroup.com

Respectfully Submitted,

**AMETHYST LAW GROUP**

AMIR GHAEENZADEH, ESQUIRE
Florida Bar No.: 104745
100 S Ashley Drive, Suite 600
Tampa, Florida 33602
Tel: (844) 482 - 1239

**LAW OFFICE OF HARRISON M. FISCHER, PLLC**

*/s/ Harrison M. Fischer*
HARRISON M. FISCHER, ESQUIRE
Florida Bar No.: 0124993
1015 Atlantic Blvd., Suite 265
Atlantic Beach, FL 32233
Tel: (904) 300 – 2429
Fax: (904) 352 – 1686

-and-

**NOTARI LAW, P.A.**
ADRIA G. NOTARI, ESQUIRE
Florida Bar No.: 87272
1820 SW 14th Court
Fort Lauderdale, Florida 33312
Tel: (954) 257 – 9028
Attorneys for Plaintiff

Filing # 139724381 E-Filed 12/03/2021 10:53:10 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-019670-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

**Jennifer Kuhn**

Plaintiff(s)

vs.

**305 Event Production LLC**

Defendant(s)

_____/

## <u>AGREED ORDER TO AMEND COMPLAINT</u>

**THIS CAUSE** came to be heard upon Plaintiff JENNIFER KUHN'S, Amended Motion for Leave to File her First Amended Complaint.

**THE COURT**, having considered the Plaintiff's Amended Motion and good cause appearing therefor, it is:

**ORDERED and ADJUDGED** as follows:

1. The Plaintiff's Amended Motion for Leave to File her First Amended Complaint is hereby **GRANTED.**

2. Service of Plaintiff's Amended Complaint on Defendant 305 EVENT PRODUCTION, LLC d/b/a 305 YACHTING, INC. will be deemed to be the date this order is signed.

3. Defendant 305 EVENT PRODUCTION, LLC d/b/a 305 YACHTING, INC. shall hereby have twenty (20) days to file a responsive pleading to Plaintiff's Amended Complaint.

4. Plaintiff shall have one hundred twenty (120) days to obtain service of process on

defendants CHRISTOPHER MILLER and HAYDEN MUELER.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>3rd day of</u>
<u>December, 2021</u>.

2020-019670-CA-01 12-03-2021 10:18 P

<u>2020-019670-CA-01 12-03-2021 10:18 PM</u>

Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**

Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Adria G. Notari, anotari@notarilaw.com

Adria G. Notari, CruiseLawyerMiami@gmail.com

Adria G. Notari, YachtLawyerFlorida@gmail.com

Amir Ghaeenzadeh, amir@amethystlawgroup.com

Amir Ghaeenzadeh, frclawclerk@gmail.com

Amir Ghaeenzadeh, melinda@amethystlawgroup.com

Amir Ghaeenzadeh, Amir@amethystlawgroup.com

Craig P. Liszt, cliszt@admiral-law.com

Craig P. Liszt, mgaines@admiral-law.com

Craig P. Liszt, service@admiral-law.com

Harrison Fischer, Hfischer@Hfischerlaw.com

Jonathan W. Skipp, service@admiral-law.com

Jonathan W. Skipp, jskipp@admiral-law.com

Jonathan W. Skipp, yaguilar@admiral-law.com

Melinda Noll, melinda@amethystlawgroup.com

Michael P Essington, michael.essington@yahoo.com

Michael P Essington, michael.essington@me.com

**Physically Served:**