UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20251-ALTONAGA/DAMIAN

GREAT LAKES INSURANCE SE,

    Plaintiff,
v.

305 EVENT PRODUCTION LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO DISMISS DEFENDANT
305 EVENT PRODUCTION LLC'S COUNTERCLAIM [ECF NO. 27]**

THIS CAUSE is before the Court on Plaintiff, Great Lakes Insurance SE's ("Plaintiff"), Motion to Dismiss Defendant 305 Event Production LLC's Counterclaim, filed July 22, 2022 (the "Motion") [ECF No. 27]. The Motion was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge, on behalf of the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF No. 51]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has reviewed the parties' memoranda [ECF Nos. 27, 30, and 33], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. For the reasons set forth below, it is recommended that Plaintiff's Motion [ECF No. 27] be granted.

    **I.    BACKGROUND**

This is a maritime insurance action stemming from personal injuries allegedly sustained by non-party Jennifer Kuhn while aboard Defendant, 305 Event Production LLC's ("305 Event"), 2003 45' Sea Ray, M/Y "SAPPHIRE" (the "Vessel") on September 23, 2019.

*See* Amended Complaint [ECF No. 16] at ¶ 11. Plaintiff, an insurance carrier that issued a policy for the Vessel, seeks a declaratory judgment that the policy is void *ab initio* and that there is no coverage for the alleged incident because of 305 Event's alleged misrepresentations and omissions in its insurance application.

### A. *The Allegations In The Amended Complaint*

According to the allegations in the Amended Complaint, which is the operative pleading in this action, non-party Sven Glaeser chartered the Vessel from 305 Event on the date of the incident, September 23, 2019, and selected a captain from a list of pre-approved captains provided by 305 Event pursuant to a charter agreement. *Id.* at ¶¶ 12, 14. Mr. Glaeser selected Defendants Christopher Miller and Hayden Mueler as the captain and accompanying mate for the charter. *Id.* at ¶ 15. Ms. Kuhn, who was aboard the Vessel during the charter, alleged that she tripped and fell due to a foreign substance on the floor and suffered injuries. *Id.* at ¶ 18. Ms. Kuhn is currently prosecuting a personal injury action against Defendants 305 Event, Miller, and Mueler in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action").[1] *Id.* at ¶¶ 16–17.

As further alleged in the Amended Complaint, Plaintiff issued an insurance policy to 305 Event for the Vessel with policy number CSRYP/175296 for the period from April 30, 2019 to April 30, 2020 (the "Policy"). *Id.* at ¶ 19. The Policy provides for third-party commercial passenger liability coverage, with combined single limit, in the amount of $300,000, subject to a $2,500 deductible per claim. *Id.* at ¶ 20.

Ms. Kuhn's incident occurred during the Policy period, and, thus, 305 Event attempted to file a claim for coverage in connection with the incident. Plaintiff alleges that

---

[1] The pending State Court Action is styled *Kuhn v. 305 Event Production, LLC et al.*, No. 20-019670-CA-01 (Fla. 11th Jud. Cir. Ct.).

305 Event first attempted to provide notice of the incident on October 15, 2019 but that 305 Event sent the notice of claim to the wrong email address. *Id.* at ¶¶ 21–22. Thereafter, following an investigation into the circumstances of the incident, Plaintiff alleges that it discovered a series of misrepresentations and omissions made by 305 Event during the process of obtaining insurance for the Vessel. *Id.* at ¶ 23. The misrepresentations alleged in the Amended Complaint include: (a) failing to disclose criminal convictions of two of the Vessel's captains; (b) failing to disclose a driver's license suspension and traffic citation for one of the Vessel's captains; (c) failing to disclose that the Vessel would be chartered with undisclosed captains; and (d) failing to disclose that the Vessel was not in compliance with relevant United States Coast Guard regulations for legal chartering. *Id.* at ¶ 24–25.

Based on these allegations, on January 21, 2021, Plaintiff initiated this action seeking a declaratory judgment that there is no coverage for the claims brought by Ms. Kuhn against 305 Event and the individual defendants in the State Court Action and that the Policy is void *ab initio*. The Complaint asserts three claims, alleging 305 Event's breach of the duty of *uberrimae fidei*, or the duty of utmost good faith (Count I); breach of General Condition *l.* of the Policy (Count II); breach of the compliance warranty in the Policy (Count III); and failure to comply with the Policy's notice requirement (Count IV). [ECF No. 1].

On June 21, 2022, Plaintiff filed the Amended Complaint adding Christopher Miller and Hayden Mueler as Defendants and a claim seeking a declaration that Plaintiff has no duty to defend or indemnify Mueler, the mate on the charter, as he is not a covered person under the Policy (Count V). *See* Am. Compl. at ¶¶ 61–65.

### B. *Procedural History*

305 Event filed an Answer and Affirmative Defenses to the Amended Complaint on July 8, 2022. [ECF No. 24]. 305 Event also filed a Counterclaim against Plaintiff seeking

damages for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, ("FDUTPA") (Count I) and New York General Business Law § 349 ("Section 349") (Count II). *See* Counterclaim [ECF No. 24] at ¶¶ 13–43. 305 Event included a demand for a jury trial in its Counterclaim. *Id.* at 12. On July 22, 2022, Plaintiff filed the Motion now before the Court seeking dismissal of 305 Event's Counterclaim and the striking of the demand for jury trial. [ECF No. 27].

On September 21, 2022, and November 10, 2022, the Clerk of Court entered defaults against Defendants Miller and Mueler, respectively, for their failure to appear or otherwise respond to the Amended Complaint. [ECF Nos. 37 and 48]. On December 21, 2022, Plaintiff filed Motions for Default Judgment against Miller and Mueler pursuant to Federal Rule of Civil Procedure 55. [ECF Nos. 52 and 53]. And on December 23, 2022, Plaintiff filed a Motion for Final Summary Judgment. [ECF No. 59].

On January 17, 2023, the Court entered two separate Orders granting Plaintiff's Motions for Default Judgment against Miller and Mueler, respectively. [ECF Nos. 65 and 66]. In so ruling, the Court found that the Policy does not provide coverage for either Miller or Mueler regarding any claims by Ms. Kuhn or any other claims because neither Miller nor Mueler is a covered person under the Policy. *Id.* The Court retained jurisdiction for consideration of any motion for attorney's fees and costs. *Id.*

On January 19, 2023, the Court entered an Order denying without prejudice Plaintiff's Motion for Final Summary Judgment and amending the pretrial deadlines based, in part, on the pending Motion to Dismiss now before the Court. [ECF No. 67]. The deadline for conducting all discovery, including expert discovery, is May 19, 2023, and the case is set for a bench trial during the trial period beginning on November 6, 2023. [ECF No. 72].

## II. APPLICABLE LEGAL STANDARDS

A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standards as a motion to dismiss a complaint. *Fabricant v. Sears Roebuck Co.*, 202 F.R.D. 306, 308 (S.D. Fla. 2001). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the [counter-]defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true at this stage, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the counterclaim are viewed in the light most favorable to the counter-plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). All in all, the question is not whether the counterclaimant "will ultimately prevail . . . but whether [its counterclaim is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

## III. DISCUSSION

305 Event asserts two counts in its Counterclaim: violation of the FDUTPA (Count I) and violation of New York General Business Law § 349 (Count II). [ECF No. 24]. In the Motion, Plaintiff seeks dismissal of both counts with prejudice and requests that 305 Event's demand for a jury trial be stricken. Mot. at 2. In its Response, 305 Event concedes that its FDUTPA claim cannot be maintained against an insurer, such as Plaintiff, and that it has no

right to a jury trial on its Counterclaim, as Plaintiff filed this case within the Court's admiralty jurisdiction. *See* Resp. [ECF No. 30] at 1. However, 305 Event maintains that Count II of its Counterclaim should not be dismissed and also requests leave to amend the Counterclaim should the Court be inclined to dismiss it. *Id.*

Based on 305 Event's Response, the undersigned recommends that the Court grant Plaintiff's Motion to Dismiss Count I of the Counterclaim and Plaintiff's request to strike the jury demand in the Counterclaim. Therefore, the undersigned only addresses whether Count II of 305 Event's Counterclaim survives dismissal.

### A. *The Allegations In Count II Of The Counterclaim*

In Count II of the Counterclaim, 305 Event alleges that Plaintiff has engaged in unconscionable, deceptive, and unfair acts and business practices in violation of New York General Business Law § 349. Specifically, the Counterclaim alleges, in relevant part:

> 35. [Plaintiff's] application and General Condition *l.* of the Policy are purposely vague and general so that [Plaintiff] can subsequently improperly deny coverage under the Policy for almost any reason at all.
> . . .
> 38. Upon information and belief, [Plaintiff] has engaged in a pattern of inducing customers to purchase and maintain insurance policies using an inadequate application notwithstanding [Plaintiff's] intent *ab initio* to refuse claims and then terminate the policy including the Policy herein issued to 305 Event[].
> 39. [Plaintiff's] aforementioned acts and/or business practices, as well as its claims handling policies and procedures in furtherance thereof, have a broad impact on consumers at large such as 305 Event[].
> 40. [Plaintiff's] aforementioned acts and/or business practices, as well as its claims handling policies and procedures in furtherance thereof, are unconscionable, deceptive and unfair acts in violation of [Section 349] because [Plaintiff] knowingly and intentionally issues policies, including the Policy, and accepted premiums for same with the intention of denying future claims instead of fairly adjusting or paying them.

Counterclaim at ¶¶ 35, 38–40. 305 Event asserts it has suffered actual damages based on Plaintiff's alleged deceptive and unfair acts and business practices. *Id.* at ¶ 42.

6

**B.** *The Parties' Arguments Regarding Dismissal Of Count II Of The Counterclaim*

In the Motion, Plaintiff argues that Count II of the Counterclaim should be dismissed because Section 349 does not apply to conduct provided for in contracts between parties, such as Plaintiff and 305 Event. *See* Mot. at 7. And Plaintiff avers that Section 349 is inapplicable in this case because the conduct alleged by 305 Event occurred outside of New York. *Id.* at 9. That is, the application for insurance and the Policy were exchanged and delivered to 305 Event in Florida, the Vessel was kept and operated in Florida, and the incident giving rise to the State Court Action occurred in Florida. *Id.*

In its brief Response to the Motion, 305 Event argues that Count II should not be dismissed because: (1) the complained of conduct is not reflected in the Policy, and therefore the Section 349 claim is applicable; and (2) there is no requirement for the alleged conduct to have occurred in New York for a Section 349 claim to apply. *See* Resp. at 2–3.

In its Reply, Plaintiff also points to New York law holding that disputes between policy holders and insurance companies concerning coverage lack the consumer impact necessary for a Section 349 claim.[2] Reply at 3–4.

**C.** *New York General Business Law § 349*

Section 349(a) provides: "Deceptive acts or practices in the conduct of any business, trade[,] or commerce or in the furnishing of any service in [New York] are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a). Section 349(h) provides a private right of action to "any person who has been injured by reason of" a violation of the provisions of Section 349.

---

[2] Plaintiff raises this argument for the first time in its Reply. *See, e.g.*, *Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir. 2012) ("The district court had no obligation to consider an argument raised for the first time in the reply brief."). However, 305 Event has not complained/raised this as an issue or sought leave to file a sur-reply, so any objection 305 Event may have is waived.

*Id.* at § 349(h). "A plaintiff asserting a cause of action under Section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Northway Med. Ctr. Condo v. Hartford Fin. Servs. Grp., Inc.*, No. 20-CV-09864, 2022 WL 94884, at *2 (S.D.N.Y. Jan. 10, 2022) (citing *Rephen v. Gen. Motors Corp.*, No. 15-cv-5206, 2016 WL 4051869, at *4 (S.D.N.Y. July 26, 2016) (internal citations omitted)).

### 1. Whether New York General Business Law § 349 Applies

Before considering whether 305 Event has sufficiently alleged a cause of action under Section 349, the undersigned first addresses the issue of whether the law even applies to the conduct at issue here.

Plaintiff asserts the insurance application and the Policy were exchanged and delivered to 305 Event in Florida, the Vessel was kept and operated in Florida, and the incident involving Ms. Kuhn occurred in Florida. Mot. at 9. Thus, Plaintiff argues that Count II of the Counterclaim should be dismissed because Section 349 does not apply to conduct occurring outside of New York. *Id.* In its Response to the Motion, 305 Event acknowledges "the reason the New York legislature included the 'in this state' language in the statute was to make clear that the statute applies to actions accruing within the State of New York (as opposed to Oregon for instance)." Resp. at 4. Nevertheless, 305 Event maintains that although the relevant conduct occurred outside of New York, the Policy's choice-of-law provision[3]

---

[3] The Policy's choice-of-law provision provides: "It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York." [ECF No. 1-4, at 17].

8

evidences the parties' intent to have the substantive laws of the State of New York apply to the parties' disputes wherever they may arise. *Id.*

The parties have agreed that the substantive law of New York applies, and, therefore, pursuant to their agreement, Section 349 applies. However, although New York's statute, Section 349, applies, based on the parties' agreement, the conduct at issue does not fall within the statute, based on the plain language of the statute.

As noted above, New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state.*" N.Y. Gen. Bus. Law § 349(a) (emphasis added). Relevant here, the New York Court of Appeals has held that the inclusion of the words "in this state" in the statutory language "unambiguously evinces a legislative intent to address commercial misconduct occurring within New York." *Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324–25 (2002). "Thus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." *Id.* The undersigned agrees the language of the statute is clear – the statute only applies to conduct occurring in New York. Since it is undisputed that the conduct at issue (the application and Policy) occurred in Florida, the conduct does not qualify as a prohibited act under the statute.

Accordingly, although New York law applies, based on the parties' agreement, the conduct at issue does not fall within Section 349 because it did not occur in New York, as required by the plain language of the statute. Count II of the Counterclaim therefore fails as a matter of law. Moreover, this is not a shortcoming that can be resolved by amendment to the pleading, and, therefore, the undersigned recommends the Motion to Dismiss Count II be granted with prejudice. *See Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (recognizing that leave to amend need not be granted where amendment would be futile).

Aside from challenging whether the statute applies to the conduct at issue, Plaintiff also argues 305 Event fails to adequately allege the first two elements of a claim under Section 349: (1) whether the conduct at issue was consumer-oriented and (2) whether the alleged conduct was misleading in a material way. As discussed below, the undersigned agrees and finds that even if the statute did apply to the conduct at issue, the claim should nonetheless be dismissed as inadequately pled.

### 2. Whether The Challenged Act Or Practice Was Consumer-Oriented

As a threshold matter, "[a] claim brought under this statute must be predicated on an act or practice which is consumer-oriented, that is, an act having the potential to affect the public at large, as distinguished from merely a private contractual dispute." *Elacqua v. Physicians' Reciprocal Insurers*, 52 A.D.3d 886, 888 (N.Y. App. Div. 2008) (citation omitted). In New York, "consumer-oriented" conduct has "a broader impact on consumers at large." *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (N.Y. 1995)). The "consumer-oriented" element "may be satisfied by showing that the conduct at issue "potentially affect[s] similarly situated consumers." *Lee v. Union Mut. Fire Ins. Co.*, No. 20-CV-3191, 2022 WL 3370086, at *10 (E.D.N.Y. Aug. 15, 2022) (citing *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (alteration in original)). However, "[p]rivate contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (quoting *Oswego*, 85 N.Y.2d at 25). "[W]hen a plaintiff 'makes only conclusory allegations of impact on consumers at large, a [Section] 349 claim must be dismissed.'" *Lee*, 2022 WL 3370086, at *10 (quoting *Green v. Capital One, N.A.*, No. 20-CV-4655, 2021 WL 3810750, at *9 (S.D.N.Y. Aug. 26, 2021)).

10

Plaintiff does not challenge the lack of consumer impact of 305 Event's claim until its Reply, in which Plaintiff points out that New York law generally provides that coverage disputes between insurers and policy holders lack the requisite consumer impact. Reply at 3–4 (citing *Northway Med. Ctr. Condo v. Hartford Fin. Servs. Grp., Inc.*, No. 20-cv-09864, 2022 WL 94884, at *2 (S.D.N.Y. Jan. 10, 2022), and *Fishberg v. State Farm Fire & Cas. Co.*, No. 20-cv-6664, 2021 WL 3077478, at *4 (S.D.N.Y. July 20, 2021)). Whether the conduct alleged by 305 Event in the Counterclaim has the necessary consumer impact is doubtful, but not for the reason cited by Plaintiff.[4]

In Count II of the Counterclaim, 305 Event alleges that "[u]pon information and belief, Great Lakes has engaged in a pattern of inducing customers to purchase and maintain insurance policies using an inadequate application notwithstanding their intent *ab initio* to refuse claims and then terminate the policy." Counterclaim at ¶ 38. Additionally, 305 Event alleges that Plaintiff's acts or business practices, "as well as its claims handling policies and procedures," are deceptive because Plaintiff "knowingly and intentionally issues policies, including the Policy, and accepted premiums for same with the intention of denying future claims instead of fairly adjusting or paying them." *Id.* at ¶ 40. And, 305 Event alleges "[Plaintiff's] aforementioned acts and/or business practices, as well as its claims handling policies and procedures in furtherance thereof, have a broad impact on consumers at large such as 305 Event[]." *Id.* at ¶ 41. These allegations regarding a broader effect on consumers

---

[4] 305 Event relies on cases involving coverage disputes. Based on the claims in the Amended Complaint, it is not clear Plaintiff's case can be characterized as only a coverage dispute. Plaintiff alleges the Policy is void in addition to challenging whether the claim is covered. Thus, the cases relied on by 305 Event for the principle that coverage disputes do not fall within Section 349 are not dispositive.

11

are "conclusory and speculative at best." *866 E. 164th Street, LLC v. Union Mut. Fire Ins. Co.*, No. 16-CV-03678, 2017 WL 4444334, at *7 (S.D.N.Y. Oct. 3, 2017).

Initially, allegations based "[u]pon information and belief" are insufficient where, as here, the allegations are not supported by specific facts. "While 'information and belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim." *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (Altonaga, J.) (citing *Zhejiang Dushen Necktie Co. v. Blue Med, Inc.*, No. 16-24679, 2017 WL 4119604, at *6 (S.D. Fla. Sept. 18, 2017) ("[T]he *Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the belief is based on factual information that makes the inference of culpability plausible." (alterations added; internal quotation marks and citation omitted)). "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:16-cv-80, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016) (quotation marks and citation omitted); *see also Barber v. Brasfield & Gorrie, Inc.*, No. 2:07-cv-00012, 2008 WL 11374390, at *4 (N.D. Ala. Aug. 7, 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991)).

305 Event fails to allege facts sufficient to support its claim that there are other policy holders who answered the application in the same way and whose policies were subsequently voided. *See 866 E. 164th Street, LLC*, 2017 WL 4444334, at *7 (granting insurance carrier's motion for summary judgment with respect to plaintiff's Section 349 claim because plaintiff "failed to demonstrate that there exists a broader impact of the alleged misconduct, *i.e.*, that there exist other commercial property-owners who answered the application in the same way

and whose policies were subsequently voided based on Union Mutual's investigative findings" and noting "plaintiff's citations in its claims of consumer-oriented conduct are all with regards to Union Mutual's conduct in *this action against plaintiff itself*") (emphasis in original); *see also Lee*, 2022 WL 3370086, at *10 (same). 305 Event's conclusory allegation that Plaintiff's conduct affects the public at large, without more, does not satisfy basic pleading requirements.

Rather than allege conduct with the requisite broad impact, Count II of 305 Event's Counterclaim alleges "essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large." *N.Y. Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 770 (N.Y. 1995) (holding "[p]laintiff has not met the threshold requirement because defendants' acts in selling this policy and handling the claim under it do not constitute consumer-oriented conduct").

Therefore, the undersigned finds that 305 Event's allegations of consumer impact are insufficient to state a claim under New York General Business Law § 349 such that the Counterclaim fails at the first element.

### 3. Whether The Challenged Conduct Was Materially Misleading

With respect to the second element, conduct is "misleading in a material way" if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego*, 85 N.Y.2d at 26. That standard encompasses "a far greater range of claims" than common-law fraud. *Gaidon v. Guardian Life Ins. Co.*, 750 N.E.2d 1078, 1082 (N.Y. 2001); *see also Stutman v. Chemical Bank*, 731 N.E.2d 608, 612 (N.Y. 2000) ("A deceptive practice . . . need not reach the level of common-law fraud to be actionable under section 349.").

Plaintiff argues that its alleged conduct cannot have been materially misleading because it was "fully disclosed" in the Policy. Mot. 7–8. More specifically, Plaintiff asserts

13

that 305 Event's claim for deceptive practices under New York law cannot stand because the allegedly misleading omissions were fully disclosed to 305 Event when it received the Policy. *Id.* at 7–8.

The undersigned agrees that the insurance Application Form and the Policy, both of which are attached to and incorporated into the pleadings, fully disclose that Plaintiff may void the Policy *ab initio*—based upon any misrepresentation or omission made by the applicant—and that it does so in such a way as to prevent a reasonable consumer from being misled. Indeed, the Application Form, completed by 305 Event and included by reference in the Counterclaim at paragraph 32 (citing to ECF No. 16-4), states, in relevant part:

> PLEASE READ BEFORE SIGNING APPLICATION
> 1. This application will be incorporated in its entirety into any relevant policy of insurance where insurers have relied upon the information contained therein.
> 2. *Any misrepresentation in this application for insurance may render insurance coverage null and void from inception.* Please therefore check to make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to the application.

[ECF No. 16-4 at 5] (emphasis added). Similarly, Condition *l.* of the Policy provides: "This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance." [ECF No. 16-3 at 13].

305 Event also alleges Plaintiff's Application Form is "purposely short and vague" and "purposely and deceptively asks very few questions." Counterclaim at ¶¶ 32–33. Additionally, 305 Event alleges Plaintiff "relies upon information that it subsequently learned, but did not initially ask for . . . in the application," including information regarding traffic citations, driver's license suspensions, and criminal convictions of the disclosed operators. *Id.* at ¶ 35. However, the Application Form, attached to and incorporated into the pleadings, specifically

14

asks: "Have you or any named operator been convicted of a criminal offence or pleaded no contest to a criminal action?" [ECF No. 16-4 at 3]. On that same page of the Application Form, the applicant is required to detail all operators and identify for each operator any "Violations/Suspensions (Including Auto) in the last 5 years," and then the application specifically asks (again) for each listed operator: "Have you ever been convicted of a criminal offence or pleaded no contest? If YES, please give details." *Id.* Thus, 305 Event's claim that the Application Form is vague and general and, thereby, fails to ask the applicant to disclose specific information that 305 Event allegedly failed to disclose in its application is directly contradicted by the Application Form itself, which is attached to the Amended Complaint and incorporated by 305 Event into the Counterclaim. *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245 (11th Cir. 2016) ("When the exhibits attached to the complaint contradict the general and conclusory allegations of the pleading, the exhibits govern.") (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)) (brackets and internal quotation marks omitted).

Because Count II of the Counterclaim fails to plausibly allege any materially misleading conduct, 305 Event's claim under New York General Business Law § 349, if it were to apply to the facts of this case, would also fail at the second element.[5] Moreover, because the attachments to the pleadings belie 305 Event's misrepresentation and omission allegations, amendment would be futile, and the Counterclaim should be dismissed with prejudice.

---

[5] As to the third and final element, no one challenges whether 305 Event is damaged because of the alleged conduct in the Counterclaim.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Plaintiff's Motion to Dismiss Defendant 305 Event Production LLC's Counterclaim [ECF No. 27] be **GRANTED** as set forth above. Specifically, the undersigned recommends that Counts I and II of the Counterclaim be **DISMISSED WITH PREJUDICE** and that the demand for jury trial in the Counterclaim be **STRICKEN**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, Chief United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 3rd day of February, 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record